IN THE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS
BENTON DIVISION

| | | |
|---|---|---|
| CANDICE MCCURDY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  13-455-JPG/SCW |
| | ) | |
| DAVID FITTS and JEFF GILL, | ) | |
| | ) | |
| Defendants. | ) | **Plaintiff demands a trial by jury** |

## COMPLAINT

Now Comes the Plaintiff, Candice McCurdy (hereafter "McCurdy"), by and through her undersigned attorney, John A. Baker, and in support of her complaint against David Fitts (hereafter "Fitts") and Jeff Gill (hereafter "Gill"), states as follows:

### I. JURISDICTION

1. McCurdy is bringing forth two separate counts against Fitts and Gill.  Both of those counts allege that her rights under the United States Constitution were violated and are brought pursuant to 42 U.S.C. § 1983.

2. Since both of these claims are brought under federal statutes, this Court has jurisdiction under 28 U.S.C. § 1331.

### II. VENUE

3. All of the actions giving rise to this complaint occurred within the confines of Williamon County, Illinois.  Further, both Fitts and Gill live within

this Court's geographic boundaries. As such, venue is proper in the Southern District of Illinois.

### III. PARTIES

4. McCurdy is an adult and has been, at all times relevant to this claim, employed by the Williamson County Sheriff's Department as a sworn deputy.

5. Fitts is a sworn law enforcement officer and is employed by the Illinois State Police. At all times relevant to this complaint he was acting pursuant to his law enforcement duties and under color of law. He is named in this lawsuit individually and, for the limited purpose of implementing equitable and declaratory relief, in his official capacity as well.

6. Gill is a sworn law enforcement office and is employed by the Carbondale Police Department. At all times relevant to this complaint he was acting pursuant to his law enforcement duties and under color of law. He is named in this lawsuit individually and, for the limited purpose of implementing equitable and declaratory relief, in his official capacity as well.

### IV. FACTUAL ALLEGATIONS

6. The Southern Illinois Enforcement Group (hereafter "SIEG") is a multi-agency drug task force that covers the Illinois counties of Jackson, Union, and Williamson.

7. There are approximately seven different police agencies that participate in the SIEG: Williamson County Sheriff's Department, Jackson

County Sheriff's Department, Union County Sheriff's Department, Carbondale Police Department, Southern Illinois University Police Department, and the Illinois State Police.

7. There is a board that provides oversight to the SIEG, however, the day to day operations are overseen by its director.

8. During the relevant period of time, the Illinois State Police assigned Fitts as SIEG's director.

9. During the relevant period of time Gill was SIEG's assistant director.

10. The Williamson County Sheriff's Department assigns one of its sworn law enforcement officers to SIEG.

11. Each SIEG officer must, independent of their sworn law enforcement status bestowed upon them by their home law enforcement agency, ultimately be granted inspector status by the Illinois State Police.

12. During the relevant period of time, Fitts was responsible for approving and denying Illinois State Police inspector status.

13. On September 8, 2011, the Williamson County Sheriff's Department posted a notice that there was a vacancy it had to fill with SIEG.

14. On September 14, 2011, McCurdy submitted a memo through her chain of command notifying them that she was seeking the SIEG appointment.

15. Shortly thereafter the Williamson County Sheriff, Benny Vick, assigned her to that position.

16. It had traditionally been the practice that as soon as the Williamson County Sheriff's Department made the decision of who would be appointed to SIEG, that person would immediately begin working at the SIEG. A background investigation would be completed after that individual was assigned and a decision on inspector status would be made subsequently as well.

17. The individual who preceded McCurdy from Williamson County in the SIEG position was allowed to work at SIEG while his background investigation was being conducted. Similarly, the person who was appointed after McCurdy was appointed was allowed to work at SIEG while his background investigation was being conducted. Both of those individuals were men.

18. Despite past practice, Fitts and Gill refused to allow McCurdy to serve in an interim capacity with SIEG despite the fact that she met all of the requirements to do so.

19. In February, 2012, McCurdy was told by the person who conducted her background investigation that it was fine.

20. On March 5, 2012, Fitts told McCurdy that she was not going to be allowed to serve in the SIEG. Fitts explained that McCurdy's relationship with a man was a critical factor in her not being allowed to serve in the position.

21. McCurdy had an intimate relationship with the man in question.

The man in question had no criminal record and was, at that time, employed as a sworn law enforcement officer.

22.  There is no justifiable reason why McCurdy's relationship with the man in question would have prevented her from serving with SIEG.

## Count I
*Fourteenth Amendment Equal Protection*

23.  Paragraphs 1 through 22 are incorporated herein.

24.  McCurdy has been discriminated against by Fitts and Gill because of her gender in two separate respects.  First, she was not immediately allowed to serve with the SIEG after receiving the assignment from her home agency as was the customary practice.  Second, she was treated differently from male employees in that no male SIEG appointments have been turned down because of any intimate relationships they have had.

25.  As a result of the foregoing, McCurdy's Fourteenth Amendment rights to equal protection have been violated because she has been subjected to discriminatory treatment on account of her gender.

26.  McCurdy has sustained financial and emotional damages as a result of the foregoing conduct.

Wherefore, McCurdy requests that this Court enter judgment in her favor and against the Defendants and:

A.  Enter a declaratory judgment finding that the actions of Fitts and Gill violated her rights under the Fourteenth Amendment;

B. Enter a judgment awarding McCurdy the damages that she has sustained as a result of this violation of her Fourteenth Amendment rights;

C. Enter a judgment providing her with punitive damages for the violation of her rights under the Fourteenth Amendment;

D. Enter a judgment awarding McCurdy her attorney fees incurred in bringing this suit, along with the costs she has incurred in doing so; and

E. Other relief that is necessary and just.

**McCurdy requests a jury be empaneled to hear all issues raised in this count that are properly before a jury**

### Count II
*Fourteenth Amendment Due Process*

27. Paragraphs 1 through 22 are incorporated herein.

28. McCurdy had a right to engage in an intimate relationship with the male in question.

29. By denying McCurdy employment Fitts and Gill have violated her substantive rights to due process under the Fourteenth Amendment.

30. McCurdy has sustained financial and emotional damages as a result of the foregoing conduct.

Wherefore, McCurdy requests that this Court enter judgment in her favor and against the Defendants and:

A. Enter a declaratory judgment finding that the actions of Fitts and Gill violated her rights under the Fourteenth Amendment;

B.	Enter a judgment awarding McCurdy the damages that she has sustained as a result of this violation of her Fourteenth Amendment rights;

C.	Enter a judgment providing her with punitive damages for the violation of her rights under the Fourteenth Amendment;

D.	Enter a judgment awarding McCurdy her attorney fees incurred in bringing this suit, along with the costs she has incurred in doing so; and

E.	Other relief that is necessary and just.

**McCurdy requests a jury be empaneled to hear all issues raised in this count that are properly before a jury**

									Candice McCurdy

									By: /s/ John A. Baker
										Her Attorney

John A. Baker
Baker, Baker & Krajewski, LLC
415 South Seventh Street
Springfield, Illinois 62701
Telephone:  (217) 522-3445
Facsimile:   (217) 522-8234
E-mail:       johnbakerlaw@gmail.com