IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CANDICE MCCURDY,

       Plaintiff,

    vs.                               Case No. 13-cv-455-JPG-SCW

DAVID FITTS and JEFF GILL,

       Defendants.

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants David Fitts' and Jeff Gill's (collectively "Defendants") motion to dismiss (Doc. 10) to which plaintiff Candice McCurdy has responded (Doc. 18).  For the following reasons, the Court grants Defendants' motion.

**1. Background**

Accepting all allegations as true, the following are the events giving rise to the instant complaint.  At all times relevant, McCurdy was an officer for the Williamson County Sheriff's Department ("WCSD").   The WCSD is one of seven police agencies that participate in the Southern Illinois Enforcement Group ("SIEG"), a multi-agency drug task force, by assigning one of its officers to SIEG.  Pursuant to a vacancy announcement, McCurdy sought a SIEG position and the Williamson County Sheriff assigned her to that position.

Fitts, an Illinois State Police employee, served as SIEG's director during the relevant time period.  Gill, a Carbondale Police Department employee, served as SIEG's assistant director during the relevant time period.  Unlike men who applied for the SIEG position, Defendants did not allow McCurdy, a female, to begin work in the SIEG position pending the completion of her background investigation and a decision on her inspector status.  On March 5, 2012, Fitts

informed McCurdy she could not serve in the SIEG, because of her intimate relationship with an officer.  McCurdy maintains there is no reason why the relationship would have prevented her from serving on the SIEG.

On May 13, 2013, McCurdy filed the instant complaint pursuant to 42 U.S.C. § 1983. Count One alleges Defendants discriminated against McCurdy based on her gender in violation of the Fourteenth Amendment's equal protection clause.  Specifically, McCurdy asserts she was treated differently than males when she was (1) not allowed to immediately serve on SIEG after her appointment, and (2) not allowed to serve based on an intimate relationship.  Count Two alleges Defendants violated McCurdy's substantive due process right to engage in an intimate relationship when they refused her the position based on her relationship with the man in question.

Defendants filed their motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) alleging McCurdy's complaint should be dismissed because it fails to state a claim upon which relief may be granted.  Specifically, Defendants argue McCurdy's equal protection claim should be dismissed because she fails to allege any action that was taken against her based on her sex, that any defendant acted with discriminatory intent, or that she was similarly situated to men hired by SIEG.  Defendants argue McCurdy's substantive due process claim should be dismissed because McCurdy does not have a right to be employed by SIEG and she has failed to allege any interference with her right to engage in an intimate association.

McCurdy filed her response to Defendants' motion to dismiss wherein she concedes that the equal protection claim should be dismissed and asks for leave to replead.  Accordingly, the Court (1) grants Defendants' motion to dismiss with respect to the equal protection claim contained in Count One; (2) dismisses Count One; and (3) grants McCurdy leave to replead

Count One. With respect to Count Two, McCurdy argues she has pleaded sufficient facts to state a substantive due process claim.

### 2. Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level. *Bell Atl.*, 550 U.S. at 555; *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *Bell Atlantic*, 550 U.S. at 561–63; *Concentra Health Servs.*, 496 F.3d at 777. Now "it is not enough for a complaint to avoid foreclosing possible bases for relief; it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard. *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?" *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir. 2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal. *Airborne Beepers*, 499 F.3d at 667.  With this standard in mind, the Court will now consider whether Count Two of McCurdy's complaint must be dismissed.

The Fourteenth Amendment due process clause prohibits state governments from depriving "any person of life, liberty, or property without due process of law . . . ." U.S. Const. amend. XIV, § 1.  Under the substantive component of the due process clause, a court must first determine whether the liberty interest allegedly violated was "'fundamental' – that is, whether it is so deeply rooted and sacrosanct that no amount of process would justify its deprivation." *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 462 (7th 2007) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 721 (1997)).  If there is a fundamental right at issue, a court must next "determine whether the government has interfered 'directly' and 'substantially' with the plaintiff['s] exercise of that right." *Christensen*, 483 F.3d at 462 (quoting *Zablocki v. Redhail*, 434 U.S. 374, 386-87 & n.12 (1978)).  If a court determines that the government has directly and substantially interfered with a fundamental right, the court must "ask whether the governmental

4

action can find 'reasonable justification in the service of a legitimate governmental objective,' or if instead it more properly is 'characterized as arbitrary, or conscience shocking, in a constitutional sense.'" *Christensen*, 483 F.3d at 462 (quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846-47 (1998)).

Here, McCurdy invokes her fundamental right to engage in an intimate association. The Supreme Court has recognized that certain intimate associations constitute a fundamental liberty interest protected from undue government intrusion by the due process clause. *Roberts*, 468 U.S. at 617-18. This right extends to certain unmarried relationships. *Christensen*, 483 F.3d at 463. McCurdy asserts her relationship with the man in question was an "intimate association" under the due process analysis, and Defendants do not argue otherwise. Thus, for the purposes of this motion to dismiss, the Court concludes that McCurdy's relationship is an "intimate association" under the substantive due process analysis.

Next, the Court must consider whether McCurdy has sufficiently alleged that Defendants interfered "directly" and "substantially" with McCurdy's intimate association. *See Christenson*, 483 F.3d at 465 (citing *Zablocki*, 434 U.S. at 387). The Constitution only prevents intimate association that is the aim of government action; it does not protect intimate association that is incidentally impacted by government action. *Christenson*, 483 F.3d at 465. Here, McCurdy has alleged that Defendants refused to hire her because of her relationship with the unidentified officer. McCurdy's relationship status was not merely an incidental aim of Defendants' action, but the reason behind their adverse employment decision against McCurdy. Thus, for the purposes of a motion to dismiss, McCurdy has sufficiently alleged a direct and substantial interference with an intimate association.

Finally, the Court must consider whether Defendants' refusal to hire McCurdy because of her relationship "shocks the conscience." Executive action, as opposed to legislative, violates substantive due process only if it "shocks the conscience." *Id*.; *Lewis*, 523 U.S. at 834. "[O]nly the most egregious" conduct satisfies the shocks-the-conscience test. *Id*. Not every abuse of official power is conscience-shocking for due process purposes, and courts must prevent the Fourteenth Amendment from becoming a "font of tort law." *Lewis*, 523 U.S. at 848-50. Courts have specifically held that substantive due process "may be implicated when a public employee is discharged for reasons that shock the conscience." *Perry v. McGinnis*, 209 F.3d 597, 609 (6th Cir. 2000).

In *Rochin v. California*, the Supreme Court found police officer conduct "shocked the conscience" where the officers broke into a suspect's home without a warrant or probable cause, assaulted the suspect in his home, falsely arrested the suspect, and forced him to undergo stomach pumping. 342 U.S. 165, 172 (1952). The Supreme Court declared that "this course of proceeding by agents of government to obtain evidence is bound to offend even hardened sensibilities. They are methods too close to the rack and the screw to permit of constitutional differentiation." *Id*.

On the other hand, in *Lewis* the Supreme Court found that an officer's conduct did not shock the conscience where the officer, without intent to harm the suspect, pursued a high-speed chase without regard for the suspect's life and the resulting crash killed the suspect. *Lewis*, 523 U.S. at 854. The Seventh Circuit found the "shocks-the-conscience" test was not met where an officer stalked and harassed a couple engaged in an intimate association by following them in his squad car, parking in front of one of the plaintiff's place of employment for the purpose of watching the plaintiff, and sitting in his police car while the plaintiffs visited various business

6

establishments.  *Id*. at 457-58.  The Seventh Circuit found that the plaintiffs had not sufficiently pleaded a substantive due process claim because watching someone from a squad care "is very far indeed from 'the most egregious' conduct in which a deputy sheriff can engage."  *Id*. at 464.  While the sheriff "was acting outside the scope of his duties, disreputably and shamefully," his behavior did not shock the conscience.  *Id*. at 465.

Here, McCurdy fails to allege facts that constitute behavior that would "shock the conscience."  She has simply pleaded that she had an intimate relationship and was not hired because of that intimate relationship.  Her claims, as pleaded, do not constitute "the most egregious" behavior as contemplated by the Supreme Court in *Rochin*.  Without more, McCurdy's claim fails to allege a substantive due process claim.  Accordingly, the Court dismisses McCurdy's substantive due process claim.  The Court grants McCurdy leave to replead this claim in the event she can allege facts constituting conduct that shocks the conscience.

### 3.  Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion to dismiss (Doc. 10) and **DISMISSES** McCurdy's complaint without prejudice with leave to replead.  McCurdy shall have up to and including December 9, 2013, to amend her complaint to replead Counts One and Two.  McCurdy is directed to consult Local Rule 15.1 regarding amended pleadings and need not seek leave of Court to file such amended pleading.

**IT IS SO ORDERED.**

**DATED:** November 15, 2013

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
