IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CANDICE MCCURDY,

    Plaintiff,

vs.

DAVID FITTS and JEFF GILL,

    Defendants.

Case No. 13-cv-455-JPG-SCW

**MEMORANDUM AND ORDER**

This matter comes before the Court on defendants David Fitts' and Jeff Gill's (collectively "Defendants") motion to dismiss the first amended complaint (Doc. 23) to which plaintiff Candice McCurdy has responded (Doc. 29). For the following reasons, the Court denies Defendants' motion.

1. **Background**

Accepting all allegations as true, the following are the events giving rise to the instant complaint. At all times relevant, McCurdy was an officer for the Williamson County Sheriff's Department ("WCSD"). The WCSD is one of seven police agencies that participate in the Southern Illinois Enforcement Group ("SIEG"), a multi-agency drug task force, by assigning one of its officers to SIEG. Pursuant to a vacancy announcement, McCurdy sought a SIEG position and the Williamson County Sheriff assigned her to that position.

Fitts, an Illinois State Police employee, served as SIEG's director during the relevant time period. Gill, a Carbondale Police Department employee, served as SIEG's assistant director during the relevant time period. Unlike men who applied for the SIEG position, Defendants did not allow McCurdy, a female, to begin work in the SIEG position pending the completion of her

background investigation and a decision on her inspector status. On March 5, 2012, Fitts informed McCurdy she could not serve in the SIEG, because of her intimate relationship with an officer. McCurdy maintains there is no reason why the relationship would have prevented her from serving on the SIEG. Further, there was nothing her background that would disqualify her from the position. Previous males who preceded her in the position did not have their intimate associations scrutinized. Further, had McCurdy been male, she would have immediately been allowed to serve with the SIEG.

On May 13, 2013, McCurdy filed her original complaint pursuant to 42 U.S.C. § 1983 containing equal protection and substantive due process claims. The Court granted Defendants' motion to dismiss McCurdy's complaint without prejudice and gave McCurdy leave to replead both of her claims. McCurdy filed her first amended complaint alleging only an equal protection claim. Specifically, McCurdy asserts she was treated differently than males when she was (1) not allowed to immediately serve on SIEG after her appointment and (2) not allowed to serve based on an intimate relationship. Defendants have filed their motion to dismiss (Doc. 23) arguing that McCurdy's equal protection claim should be dismissed for failure to state a sex discrimination claim. Specifically, Defendants argue McCurdy has failed to allege she was not hired because of her sex, that any defendant acted with discriminatory intent, or that she was similarly situated to any men hired by SIEG. Finally, Defendants argue they are entitled to qualified immunity.

### 2. Analysis

When reviewing a Rule 12(b)(6) motion to dismiss, the Court accepts as true all allegations in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To avoid dismissal under Rule 12(b)(6) for failure to

state a claim, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This requirement is satisfied if the complaint (1) describes the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests and (2) plausibly suggests that the plaintiff has a right to relief above a speculative level.  *Bell Atl.*, 550 U.S. at 555;  *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009);  *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949 (citing *Bell Atl.*, 550 U.S. at 556).

In *Bell Atlantic*, the Supreme Court rejected the more expansive interpretation of Rule 8(a)(2) that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief," *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  *Bell Atlantic*, 550 U.S. at 561–63;  *Concentra Health Servs.*, 496 F.3d at 777.  Now "it is not enough for a complaint to avoid foreclosing possible bases for relief;  it must actually suggest that the plaintiff has a right to relief . . . by providing allegations that 'raise a right to relief above the speculative level.'" *Concentra Health Servs.*, 496 F.3d at 777 (quoting *Bell Atl.*, 550 U.S. at 555).

Nevertheless, *Bell Atlantic* did not do away with the liberal federal notice pleading standard.  *Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 667 (7th Cir. 2007).  A complaint still need not contain detailed factual allegations, *Bell Atl.*, 550 U.S. at 555, and it remains true that "[a]ny district judge (for that matter, any defendant) tempted to write 'this complaint is deficient because it does not contain . . .' should stop and think:  What rule of law *requires* a complaint to contain that allegation?"  *Doe v. Smith*, 429 F.3d 706, 708 (7th Cir.

3

2005) (emphasis in original).  Nevertheless, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl.*, 550 U.S. at 555.  If the factual detail of a complaint is "so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8," it is subject to dismissal.  *Airborne Beepers*, 499 F.3d at 667.

Even after the tightening of the federal notice pleading standard accomplished in *Bell Atlantic* and affirmed in *Iqbal*, to plead a simple discrimination claim, a plaintiff need only allege the specific adverse employment action and that it was on the basis of an impermissible factor. *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1082-84 (7th Cir. 2008); *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 782 (7th Cir. 2007).  "[T]here is no further information that is both easy to provide and of clear critical importance to the claim."  *Concentra*, 496 F.3d at 782.  Thus, it remains true that "in order to prevent dismissal under Rule 12(b)(6), a complaint alleging sex discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of her sex." *Tamayo*, 526 F.3d at 1084 (citing *Concentra*, 496 F.3d at 781-82).  With this standard in mind, the Court will now consider whether McCurdy's equal protection claim must be dismissed.

    a. Sex Discrimination Claim

In order to plead a claim for sex discrimination under the indirect method, a plaintiff must allege: (1) she is a member of a protected class, (2) she was meeting her employer's expectations, (3) she suffered an adverse employment action, and (4) she was treated less favorable than similarly situated males.  *See Patterson v. Indiana Newspapers, Inc.*, 589 F.3d 357 (7th Cir. 2009).

Here, McCurdy has clearly pleaded sufficient facts for her equal protection claim to survive a motion dismiss. She has pleaded that she is female and thus a member of a protected class. Her facts allege that she was not allowed to immediately serve on the SIEG after appointed and not allowed to serve on SIEG because of her relationship with a man. She has further alleged that similarly situated male employees were allowed to immediately serve on SIEG and their intimate relationships were not placed under the same scrutiny as McCurdy's intimate relationships. She alleges these actions were taken because of her sex. Finally, she alleges an adverse employment action in that she was not given the job based upon her sex. These allegations are sufficient to put Defendants on notice of the claim against them.

    b. Qualified Immunity

Defendants also argue that they are entitled to qualified immunity. Qualified immunity is an affirmative defense that shields government officials from liability for civil damages where their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Pearson v. Callahan*, 555 U.S. 223, 231 (2009); *Denius v. Dunlap*, 209 F.3d 944, 950 (7th Cir. 2000). It protects an official from suit "when she makes a decision that, even if constitutionally deficient, reasonably misapprehends the law governing the circumstances she confronted." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). It applies only to state officials who occupy positions with discretionary or policymaking authority and who are acting in their official capacities. *Harlow*, 457 U.S. at 816; *Denius*, 209 F.3d at 950.

The qualified immunity test has two prongs: (1) whether the facts alleged, taken in the light most favorable to the party asserting the injury, demonstrate that the officer's conduct violated a constitutional right, and (2) whether the right at issue was clearly established at the

time of the alleged misconduct.  *Pearson*, 555 U.S. at 232;  *see Brosseau*, 543 U.S. at 197; *Wilson v. Layne*, 526 U.S. 603, 609 (1999).  While it is often beneficial to first inquire into whether the plaintiff has alleged a constitutional violation, the Court has discretion to address the second prong first in light of the circumstances of the case.  *Pearson*, 555 U.S. at 236.

Here, Defendants qualified immunity claim fails.  The Court has already determined that McCurdy has alleged a constitutional violation.  Further, it was clearly established at the time of the alleged discrimination that public employers may not engage in sex discrimination in violation of the equal protection clause.  *See Tamayo*, 526 F.3d at 1090 ("the right to be free from sex discrimination is clearly established").  Accordingly, because McCurdy has sufficiently pleaded a violation of a constitutional right and the right to be free from sex discrimination was clearly established, Defendants are not entitled to qualified immunity.

3. Conclusion

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss (Doc. 23) and **GRANTS** McCurdy's motion for extension of time (Doc. 20).

**IT IS SO ORDERED.**

**DATED:** May 1, 2014

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
