IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CANDICE MCCURDY,

    Plaintiff,

vs.

DAVID FITTS and JEFF GILL,

    Defendant.

Case No. 13-cv-455-SMY-SCW

**MEMORANDUM AND ORDER**

    This matter comes before the Court on Defendants' Motion for Summary Judgment (Doc. 47). For the following reasons, the Court grants Defendants' motion.

    The case before the Court alleges gender discrimination. Specifically, Plaintiff alleges that during a background investigation conducted as a result of her applying for a position on the Southern Illinois Enforcement Group ("SEIG"), and because she is a woman, defendants scrutinized her romantic relationships and did not hire her for the position due to information they uncovered. In the fall of 2011, Plaintiff, a patrol deputy for the Williamson County Sheriff's Department, applied for a position on the Southern Illinois Enforcement Group ("SIEG"). Plaintiff was the only applicant for the position. In late 2011, Defendants interviewed Plaintiff for the position. ISP Internal Investigations began running a background check on Plaintiff in order to grant her "Inspector Status" so that she would have jurisdiction to conduct law enforcement activities state-wide.

    During Plaintiff's background check, she disclosed that she had recently filed for bankruptcy. Defendants were concerned with Plaintiff's past financial state as the SIEG position required individuals to go undercover and have access to drugs and ISP money. Additionally, the

1

last SIEG appointee from Williamson County, Caleb Craft, had left SEIG when he was arrested for stealing drugs and money from the unit.

In February 2012, while the background check was still pending, Defendants became aware that Plaintiff was involved with a man, Jon Mohring, who Defendants allege was known to be involved with a biker gang associated with criminal activity. Mohring, a police officer in Johnston City, allegedly had also been involved in domestic violence incidents and had been discharged once from the police department due to a serious drinking problem.

Defendants ultimately decided not to hire Plaintiff for the position with SIEG because of the highly sensitive nature of the position and Plaintiff's admitted association with Mohring. Plaintiff alleges that, in violation of 42 U.S.C. Section 1983, Defendants discriminated against her based on her gender because other male applicants did not have their romantic relationships scrutinized and because she was not allowed to start at SIEG before her background check was completed while other male appointees had been allowed to do so.

Summary judgment is appropriate if the record evidence establishes there is no genuine issue of material fact for trial and defendants are entitled to judgment as a matter of law.FED. R. CIV. P. 56(a); *Harris v. Warrick County Sheriffs Dep't,* 666 F.3d 444, 447 (7th Cir.2012). All reasonable inferences are drawn in favor of the non-moving party. *Id.*Both Title VII and the Equal Protection clause prohibit discrimination based on gender. 42 U.S.C. § 2000e–2(a)(1);*Ballance v. City of Springfield,* 424 F.3d 614, 617 (7th Cir.2005); *McKenzie v. Milwaukee County,* 381 F.3d 619, 62526 (7th Cir.2004). The standards for proving gender discrimination under either Title VII or Equal Protection are the same. *Williams v. Seniff,* 342 F.3d 774, 788 n. 13 (7th Cir.2003). A Plaintiff may proceed under the direct or indirect method of proving discrimination. *Grigsby v. LaHood,* 628 F.3d 354, 358 (7th Cir.2010). Under the

direct method, Plaintiff must submit either direct evidence of discrimination, such as an employer's near-admission of discrimination, or circumstantial evidence that supports a reasonable inference that the employer impermissibly relied on gender in the promotion decision. *Abuelyaman v. Ill. St. Univ.,* 667 F.3d 800, 809 (7th Cir.2011).

Plaintiff has not provided any direct evidence of discrimination. Plaintiff has also failed to provide evidence that the reason she did not begin with SIEG prior to completion of the background check was her gender. The only comment referencing gender was made by Defendant Gill at the February 2012 meeting where Plaintiff was told she would not be given the position with SIEG. Specifically, Defendant Gill stated, "some people think that women have a harder mountain to climb, but that's not what this is." (Doc. 47, Ex. 1,113). This comment, however, does not suggest that the decision to not hire Plaintiff for the SIEG position was based on gender. Plaintiff agreed in her deposition that the statement suggested to her that he was trying to emphasize that the decision was not based on her gender. (Doc. 47, Ex. 1, 113).

Under the direct method, Plaintiff may also rely on circumstantial evidence that would allow a jury to infer intentional discrimination. *Harper v. Fulton County, Ill.*, 748 F.3d 761, 763 (7th Cir. 2014). The chain of inferences from circumstantial evidence must point directly to a discriminatory reason for an adverse employment action. *Abuelyaman v. Illinois State Univ.*, 667 F.3d 800, 809 (7th Cir. 2011). Types of circumstantial evidence include:

> (1) ambiguous statements or behavior towards other employees in the protected group; (2) evidence, statistical or otherwise, that similarly situated employees outside of the protected group systematically receive better treatment; and (3) evidence that the employer offered a pretextual reason for an adverse employment action.

*Diaz v. Kraft Foods Global, Inc.,* 653 F.3d 582, 587 (7th Cir.2011). Here, Plaintiff has not provided any evidence that other women have been discriminated against in SIEG. Furthermore,

she has failed to show that similarly situated males have systematically received better treatment. While it is true that Plaintiff did not start with SIEG prior to the background check being completed, it is undisputed that her supervisor, Brian Thomas, requested that she not start with SIEG until completing a transfer of an evidence vault to the new jail. (Doc. 47, Ex. 2, 62); (Doc. 47, Ex. 5, 14-15). Plaintiff has offered no evidence to show that this reason was pretextual.

Additionally, while Plaintiff has asserted that other males who had been hired with SIEG had not had their relationships or friendships scrutinized, she has not presented evidence to support this. Instead, Agent Barbara Braddy, who conducted Plaintiff's background check, testified that, when conducting background checks, she checks everyone who might associate with her subject including relatives, someone the subject was dating and friends. (Doc. 47, Ex. 4, 30-31). Plaintiff also testified that she does not know what any male SIEG member was asked in their SIEG interview or during their ISP background investigation. Plaintiff does not know if these individuals were asked about their dating history or their friends. (Doc. 47, Ex. 2, 49-50).

In support of her allegations of discrimination, Plaintiff compares the process she went through with SEIG to the hiring of Caleb Craft for SIEG in the Fall of 2010. In the fall of 2010, there was a Willliamson County vacancy atSIEG. (Doc. 47, Ex. 2, 31). Mr. Craft was selected and was immediately brought in to the SIEG group prior to his background investigation being conducted (Doc. 47, Ex. 2, 28). The investigation was assigned to be conducted by ISP agent Barbee Braddy (Doc. 47, Ex. 4, 10). At the conclusion of her investigation, Agent Braddy determined that Mr. Craft was "not suitable for employment with the Illinois State Police." (Doc. 47, Ex. 4, 12). Agent Braddy's recommendations were based on the fact that Mr. Craft had recently been arrested for criminal damage to property and that he had associations with

individuals who had questionable criminal backgrounds. (Caleb Craft background investigation, p. 25, 26, 29).

Despite the recommendations that Mr. Craft not be appointed, Mr. Craft was appointed to fill the SIEG vacancy. While employed with SIEG, Craft stole money used for controlled buys and also took cannabis while performing his duties for SIEG (Doc. 47, Ex. 2, 46-47). Plaintiff applied for the vacancy after Craft was terminated.

The Seventh Circuit has held that "one example of better treatment is not enough to support an inference of discrimination." *Shank v. Kelly–Springfield Tire Co*., 128 F.3d 474, 480 (7th Cir.1997). While Plaintiff cites Craft as an example of a male being given preferential treatment, Defendants respond that, after the incident with Craft, they were more careful and sensitive to applicants' financial and social status to ensure that such an incident did not recur. When Defendants expressed their concern about Plaintiff's association with Mohring, Plaintiff interpretedtheir comments to mean they were concerned she would let information slip to him through "pillow talk." However, this was Plaintiff's own interpretation of the statements and was not based on any disparaging remarks regarding gender.

Furthermore, a plaintiff cannot prevail if the employer "honestly believed in the nondiscriminatory reasons it offered, even if the reasons are foolish or trivial or even baseless." *Balance v. City of Springfield*, 424 F.3d 614, 621 (7th Cir. 2005). Plaintiff admitted that the Defendants' concerns about her relatiyesonship with Mohring were not made up and that she "could see where that could be perceived to be a problem." (Doc. 47, Ex. 1, 121). Accordingly, there is no circumstantial evidence that points directly to gender discrimination.

Under the indirect method, even if Plaintiff is able to establish a prima facie case of gender discrimination, Defendants' have provided non-discriminatory reasons for their actions.

5

Therefore, Plaintiff would have to show that their reasons are pretextual. As discussed above, she has not provided sufficient evidence to show any pretext.

The evidence supports the conclusion that no reasonable jury could find that Defendants discriminated against Plaintiff because of her gender. Accordingly, Defendants' Motion for Summary Judgment is hereby GRANTED. As no counts remain pending, the Clerk is DIRECTED to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:** January 30, 2015

_/s/_ Staci M. Yandle
**STACI M. YANDLE
DISTRICT JUDGE**